IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WEIXING A. LIN,

    Petitioner,

v.                                                         CV 06-0531 BB/WPL

ANTHONY ROMERO,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Petitioner filed a petition for writ of habeas corpus, through counsel, claiming that he is being illegally detained by the Bureau of Immigration and Customs Enforcement (ICE). (Doc. 1, 5.) The only relief requested by Petitioner is that he be released under an order of supervision. (Doc. 5 at 5.)

On October 3, 2006, Respondent filed a motion to dismiss. (Doc. 9.) Respondent argues that the petition is moot because on September 25, 2006, Petitioner was released from ICE custody and placed on conditions of supervised release. (*Id.* at 1, Ex.1.) On October 5, 2006, I issued an order allowing Petitioner until October 25, 2006 to file a response to the motion to dismiss. (Doc. 10.) To this date, no response has been filed.

I agree with Respondent that Petitioner's release from custody renders his habeas petition moot. *See, e.g., Boyce v. Ashcroft*, 268 F.3d 953, 954 (10th Cir. 2001). Therefore, the petition should be dismissed unless an exception to the mootness doctrine applies.

The Tenth Circuit has recognized four exceptions to the mootness doctrine: 1) secondary or collateral injuries will survive after resolution of the primary injury; 2) the issue is capable of repetition while evading review; 3) the respondent voluntarily ceases an illegal practice but is free to

resume it at any time; and 4) the case is a properly certified class action. *Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002). This case is not a class action. Moreover, I agree with Respondent that there is nothing in the record before me to indicate that the other exceptions apply. *See id.*

## Recommendation

I recommend that the motion to dismiss (Doc. 9) be granted and that the amended petition for writ of habeas corpus (Doc. 5) be dismissed without prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*[signature: William P. Lynch]*

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE